UNITED STATES of America
v.
Robert MUNCEY.
Crim. No. 16554.

United States District Court
E. D. Tennessee, N. D.
June 20, 1960.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

Hobart F. Atkins, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

The defendant, Robert Muncey, is charged in a four count indictment with possessing an unregistered still and carrying on the business of a distiller of spiritous liquors without giving bond as required by law; working at an illegal distillery for the production of spiritous liquors; and, making and fermenting mash fit for distillation and for the production of distilled spirits at a place other than premises designated according to law.

Defendant has filed a motion to suppress all evidence obtained by the officers from a search of his home in Union County on March 22, 1960 on the ground that the search warrant used by the officers in making the search was issued by Judge J. Fred Bibb, Criminal Judge of the Third Judicial Circuit of Tennessee, whose territorial jurisdiction is restricted to Knox County. Secs. 16–210, 16–251, T.C.A.

The Government contends that Judge Bibb's authority to issue the warrant is provided by Rule 41(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.:

"(a) *Authority to Issue Warrant.* —A search warrant authorized by this rule may be issued by a judge of the United States or of a state, commonwealth or territorial court of record, or by a United States commissioner within the district wherein the property sought is located."

William H. Lindsey, Jr. and James R. Beeler, Investigators, A&TT, upon the affidavit of William H. Lindsey, Jr. were directed to search the home of defendant Muncey, located in Union County, Tennessee, about five and one-half miles from Maynardville. Union County is a part of the Second Judicial Circuit of Tennessee. Secs. 16–208 and 16–251, T.C.A.

It is asserted that Judge Bibb's authority to issue search warrants extends only to property located within the territorial limits of his Court, namely, Knox County, Tennessee.

The question raised by the motion is a novel one. Neither the Government nor the attorney for the defendant has been able to find any case directly in point. The exact question was noted by our Court of Appeals in Graham v. United States, 257 F.2d 724, 727, but was expressly left undecided.

The Court is mindful of the discussion by the Court of Appeals in Weinberg v. United States, 2 Cir., 126 F.2d 1004, 1006, with reference to limitations upon the extraterritorial jurisdiction of United States district judges.

It is mindful also of the dictum in the Graham case reflecting the first impression of the Court that a search warrant issued by a judge in one judicial circuit of the State of Tennessee was invalid in another judicial circuit. But this Court is of the opinion that whether such a warrant is valid beyond the judicial circuit of its issue turns upon the language of the State constitution or statutes.

"While, under the particular provisions of law, the jurisdiction or authority of some judges is made coextensive with the boundaries of the state, the jurisdiction of the lower courts of a state is often limited to certain counties, circuits, or districts, as discussed in Courts § 91, and, except as the constitution or a statute provides otherwise, the authority of the judges of such courts to exercise their judicial functions is limited to the counties, circuits, or districts of their own courts. In the absence of express authorization a judge cannot make orders in a cause pending in a court outside the limits of his territorial jurisdiction; nor can he exchange districts with another judge; nor can he hold court in another district.

"In the absence of constitutional inhibition the legislature has, however, the right to fix the territorial jurisdiction within which a judge may exercise judicial functions, and, in doing so, it may extend or limit his territorial jurisdiction. Hence the legislatures may, and often do, confer on the judge of one circuit, county, or district the power to act with lawful authority in another circuit, county or district. * * *"
48 C.J.S. Judges § 61, pp. 1025–1026.

There is no provision of the Constitution of the State of Tennessee covering the situation here. Nor is there a statutory provision so clear as to leave the question entirely free from doubt. Nevertheless, Sec. 17–108 T.C.A. entitled "Powers in other circuits or divisions" does provide that "judges and chancellors are * * * judges and chancellors for the state at large." Sec. 108 is quoted in full below:

"*Powers in other circuits or divisions.*—The judges and chancellors are, notwithstanding the provisions of § 17–102, judges and chancellors for the state at large, and as such, may, upon interchange, and upon other lawful ground, exercise the duties of office in any other judicial circuit or division in the state."

It is noted that the statute relates to interchange but that it also provides that judges may exercise the duties of office in any other judicial circuit "upon other lawful ground".

Decisions of the Supreme Court interpreting this statute have dealt with questions of the right to sit by interchange and to appoint a humane and juvenile court commission, etc. Stuart v. The State, 60 Tenn. 178; Dykes et al. v. Hamilton County et al., 183 Tenn. 71, 191 S.W.2d 155. Neither of these cases had before it the question whether a state judge might issue a warrant for a search outside his judicial circuit; and yet, each case contains language similar to that which is found in the statute, to the effect that judges in Tennessee are judges for the state at large and may exercise the duties of office in other judicial circuits.

Pertinent language in Stuart v. The State is found on page 181 of 60 Tenn. We quote:

"The word 'judges' in this and the preceding sections of the same article, is not necessarily restricted in its meaning to Circuit Judges. Sec. 3,916 authorizes Circuit Judges to interchange, and 3,917 enacts that

chancellors may also interchange with each other and with judges of the Circuit, Criminal or other special courts under the same circumstances and to the same extent.

"Although these sections do not, in express words, say that a Circuit Judge may interchange with the Judge of a special Criminal Court, yet we think this is fairly implied. *They are judges of the State at large, and as such may exercise the duties of the office in any other circuit or division of the State.*" (Emphasis added.)

There is revealing language also in Dykes et al. v. Hamilton County et al., 183 Tenn. at page 79, 191 S.W.2d at page 159.

"The jurisdiction of a court in a large measure depends upon the act creating it, and yet it may have inherent authority that may extend beyond the geographical limits of a county. We think the judge of the juvenile court, created by the act that is here assailed, in exercising judicial functions, is a state officer. The effect of his decisions in many cases may extend beyond the limits of Hamilton County. What he does in the enforcement of laws for the protection of women and children is not simply county-wide in effect, but involves the peace and well-being of society generally."

See also Martin v. Dowling, 315 S.W.2d 397 (Supreme Court of Tennessee).

■ Although neither the language of the statute nor of these decisions is conclusive on our precise question, the Court is of the opinion that circuit judges in Tennessee are judges for the state at large and have broad authority to issue a search warrant for use outside the judicial circuit to which they are elected.

In view of the holding of the Court that Tennessee circuit judges are judges for the State at large, it is not necessary for this Court to determine whether the word "district" in Federal Rule of Criminal Procedure 41(a) refers to the State

Judicial Circuit for which the State Judge is elected or the Federal District in which this Court sits.

It is the opinion of this Court that the search warrant issued by Judge Bibb for use in Union County was valid.