Philip SILBERT

v.

UNITED STATES of America and Stephan H. Sachs, United States Attorney, and Paul R. Kramer, Assistant United States Attorney, and David Eagen, Acting Chief, Intelligence Division, Internal Revenue Service.

Philip SILBERT

v.

UNITED STATES of America.

Civ. No. 18874.

Misc. No. 564.

United States District Court
D. Maryland.

Nov. 6, 1967.

Norman P. Ramsey, H. Thomas Howell and Maurice T. Siegel, Baltimore, Md., for Philip Silbert in both cases.

Stephen H. Sachs, U. S. Atty., and Alan Baron, Asst. U. S. Atty., for respondents in Civ. No. 18874 and the United States in Misc. No. 564.

FRANK A. KAUFMAN, District Judge.

In Civil No. 18874, Silbert seeks a preliminary injunction enjoining respondents from presenting certain evidence to a grand jury of this Court or from making any other use of such evidence until such time as this Court has determined, on the merits, the issues raised in Miscellaneous No. 564 by Silbert's motion pursuant to Rule 41(e) of

the Federal Rules of Criminal Procedure. Therein, Silbert seeks the return of certain seized property, the suppression of evidence, and the quashing of a search warrant. In Civil No. 18874, the relief sought would enjoin respondents from discussing with or disclosing to any persons, including the State of Maryland and City of Baltimore officials, any of the evidence or information allegedly illegally seized or obtained. Silbert also asks this Court, in the event relief is not granted as prayed in Civil No. 18874, to grant immediate pre-indictment relief in Miscellaneous No. 564 pursuant to Rule 41(e).

Silbert alleges and affies that on the night of October 23–24, 1967, his home at 3406 Janellen Drive in Pikesville, Maryland, was searched and certain property was seized in violation of his rights under the Fourth and Fifth Amendments of the United States Constitution and of Federal Criminal Rule 41. The legal basis for Silbert's position is that the search warrant pursuant to which the search and seizure took place is insufficient on its face. Silbert also contends that the property seized is not the property described in the warrant. While the latter contention has not been waived, counsel for Silbert, during a hearing before this Court, in connection with the injunctive relief sought in Civil No. 18874 and the alternative pre-indictment relief pursuant to Rule 41(e) sought in Miscellaneous No. 564, asked this Court, at this time, only to examine the warrant and the supporting affidavit, within their four corners, and to determine if probable cause was set forth in the affidavit for believing the existence of grounds upon which the warrant was issued. None of counsel have asked this Court at this time to take any testimony or to consider any evidence in either of these two cases before ruling in connection with the issues currently presented in both cases. Thus, this Court has before it at this time only questions of law and no questions of fact.

The search warrant in this case was issued on October 22, 1967, by Chief Judge Roszel C. Thomsen of this Court, pursuant to Federal Criminal Rule 41(a), upon the basis of a 29 page affidavit made before him on that date by Special Agent LeRoy Martin of the Internal Revenue Service. The affidavit set forth the Special Agent's reasons for believing that there were concealed at 3406 Janellen Drive, certain records, papers, writings, slips, currency, safes, books, newspapers, marking and writing material, and other gambling paraphernalia being used in violation of the Federal Wagering Tax laws.

The relief prayed by Silbert in Civil No. 18874 may or may not be broader than that legally available under Rule 41(e). It has been said that it is difficult to imagine any pre-indictment relief which could not be granted under Rule 41(e) and that, therefore, injunctive relief is no longer needed and should not be granted. Rodgers v. United States, 158 F.Supp. 670, 677 (S.D.Cal. 1958). Be that as it may, the view which this Court takes in both of these pending cases makes it unnecessary to reach the question of whether all of the relief Silbert seeks in these cases could be granted under Rule 41(e).

In connection with the Miscellaneous case, the Government argues that the Rule 41(e) petition is premature and and should be entertained by the Court only if and when an indictment has been returned. In Civil No. 18874, respondents contend that this Court should not exercise its admittedly existing equity powers at this pre-indictment stage to interfere in criminal proceedings or prosecution except under extraordinary circumstances which respondents state are not present in this instance. This Court agrees with the positions of respondents in the equity case and of the Government in the Rule 41(e) case.

■ The development of what is termed the "anomalous," "nonstatutory" jurisdiction of a Federal District Court in a case instituted by a person complaining of an unlawful search and seizure and seeking at a pre-indictment stage to sup-

press the use of any property or information so obtained, is traced by Judge Wyzanski in Lord v. Kelley, 223 F.Supp. 684 (D.Mass.1963). Such jurisdiction rests upon the supervisory power of the Court over the actions of federal law enforcement officials within its Federal District. Centracchio v. Garrity, 198 F.2d 382, 386 (1st Cir. 1952) cert. denied, 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672 (1952); Lord v. Kelley, supra. The question in many of the cases involving pre-indictment petitions or motions to suppress has been whether the order of the District Court has been interlocutory and non-appealable, or final and appealable. This question was answered in DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), in which, as the Fourth Circuit wrote in Austin v. United States, 353 F.2d 512 (4th Cir. 1962), the Supreme Court held "interlocutory and unappealable an order of a District Court entered in a proceeding commenced prior to indictment for the purpose of suppression of evidence". In recognition of the holding of the Supreme Court in *DiBella,* the Fourth Circuit recalled its earlier mandate in *Austin* (at 297 F.2d 356 (1961)) and dismissed the appeal from the order of the District Court as "interlocutory in nature and not appealable in advance of final judgment." 353 F.2d 512.

In *Austin,* the complainant sought to enjoin the United States Attorney from presenting to a federal grand jury certain evidence allegedly obtained from the complainant by Internal Revenue Service agents in violation of her Fourth and Fifth Amendment rights. The District Court, without a hearing on the facts, and after argument by counsel as to why pre-indictment relief was or was not required, granted the motion of respondents to dismiss. In a two to one decision, the Fourth Circuit held that the suppression of evidence at the pre-indictment stage is not a matter within the discretion of the District Judge and that the Court below should have held an evidentiary hearing, made findings of facts and reached conclusions of law. In Smith v. Katzenbach, 122 U.S.App. D.C. 113, 351 F.2d 810, 815 n. 5 (1965), Judge Leventhal remarked that if, after *DiBella* and the Fourth Circuit's recall of its original mandate in *Austin,* "the song of Austin has ended, the melody may linger on in District Court rulings and attitudes, guided by its wisdom though no longer channeled by its mandate." But *Austin* involved, as do many of the pre-indictment cases, visits by Internal Revenue Service agents to taxpayers who were allegedly led by the agents to believe that only routine audits of the taxpayers' returns were in progress. Under this guise, without any advice or warning, the agents in those cases are alleged to have obtained evidence for use in criminal prosecutions. Often the facts alleged in pre-indictment petitions or motions have, if true, revealed a callous disregard for the constitutional rights of the taxpayer. This was true in *Austin,* supra, in Lord v. Kelley, supra, and in Smith v. Katzenbach, supra. The situation was even worse in In re Fried, 161 F.2d 453, 458–459 (2d Cir. 1947), in which Judge Frank referred to "third degree" methods and noted that a wrongful indictment, returned by a grand jury to which unlawfully obtained evidence has been offered, can work "a grievous, irreparable injury to the person indicted." In a separate opinion, concurring in the result, in the face of a dissent by Judge Augustus N. Hand, Judge Learned Hand noted that, "It would be an intolerable burden upon the prosecution of crime, if it were possible to test in advance the competency of evidence which an accused, to say nothing of a prospective accused, might be able to show was likely to be used against him. The protection of the individual from oppression and abuse by the police and other enforcing officers is indeed a major interest in a free society; but so is the effective prosecution of crime, an interest which at times seems to be forgotten. Perfection is impossible; like other human institutions criminal proceedings

must be a compromise." (161 F.2d at 465).

In Centracchio v. Garrity, supra, 198 F.2d at 386–387, Judge Magruder wrote that the "propriety of exercising * * * jurisdiction" in pre-indictment cases such as the suits at bar herein "depends upon considerations of an equitable nature" and that, "Judicial interference of this sort with the action of a United States attorney in the administration of the criminal law, at a pre-indictment stage, must, we think, be regarded as the exception rather than the rule."

In Parrish v. United States, 256 F. Supp. 793 (E.D.Va.1966), appeal dismissed, 376 F.2d 601 (4th Cir. 1967), another tax case in which the agents allegedly first stated to the taxpayers that they were conducting a civil investigation, Judge Butzner, then a District Judge, refused to grant the relief sought by the taxpayers either in equity or pursuant to Rule 41(e). Judge Butzner noted that no need was shown for suppression of the evidence at the pre-indictment stage and that the plaintiffs had neither alleged nor tendered in their affidavits facts "showing a clear deprivation of their constitutional rights." "This is a factor," wrote Judge Butzner, "which the court must take into consideration in determining whether equitable relief should be granted. In doing this, the court is not deciding the application upon its merits, and its observations are without prejudice to the plaintiffs if they should seek relief after the return of an indictment." (at 795–796).

 The orderly administration of our system of criminal justice counsel this Court to exercise the special jurisdiction it possesses in pre-indictment cases wth great restraint and caution. In this case, Chief Judge Thomsen issued the warrant, thus passing upon the legal sufficiency of the affidavit. Such action by a Federal Judge or a United States Commissioner in no way fore-closes or inhibits a further challenge, *de novo*, under Rule 41(e). But such further challenge should usually await the post-indictment stage unless the allegations by the complainant are supported by such factual allegations as require the Court to inquire further without delay. See Grant v. United States, 282 F.2d 165, 171 (2d Cir. 1960), in which Judge Friendly stated that " * * * evidentiary hearings should not be set as a matter of course, but only when the petition alleges facts which if proved would require the grant of relief." See also Plato v. Katzenbach, 253 F.Supp. 1021 (N.D.N.Y.1966). The Fourth Circuit found such a requirement to exist in *Austin* in view of the sworn factual allegations made therein. But in the instant cases, the sworn allegations are broad and conclusory. They are, to put it simply, an attack on the legal sufficiency of an affidavit upon which a Judge of this Court ruled only two weeks ago. They raise no new legal issues, as there were in Application of Houlihan, 31 F.R.D. 145 (D.N.D.1962) in which the Court held that the North Dakota state judge for Cass County, North Dakota, who issued the warrant for execution in another county, had no jurisdiction to do so. They require no factual determinations. There is no reason in these cases for this Court to consider the petition for injunction or the motion to suppress, on the merits at this pre-indictment stage, unless this Court is going to do so in every case in which a complainant anticipates consideration by a grand jury of an indictment against him.

The applications for relief herein by Silbert are denied, and the motions of respondents in Civil No. 18874 and of the Government in Miscellaneous No. 564 are granted, without prejudice to Silbert's right to renew his Rule 41(e) motion if Silbert is indicted, or if new facts are learned and are presented to this Court.