Joseph M. **DONLON**

v.

**UNITED STATES of America.**

Misc. Nos. 66, 68.

United States District Court,
D. Delaware.

Sept. 28, 1971.

Alfred J. Lindh, of Lindh & Biden, Wilmington, Del., for Joseph M. Donlon.

F. L. Peter Stone, U. S. Atty., Wilmington, Del., for the United States.

OPINION

LAYTON, District Judge.

As the result of information obtained from a wiretap authorized by Judge Latchum of this Court, a search warrant was issued authorizing a search of the premises of the movant (Donlon). The search revealed a number of items some of which, at least, tended to indicate evidence of gambling activities on the part of Donlon. Despite this, Donlon has not been arrested, charged, committed or indicted. Anticipating that the evidence seized might be used as the basis for an indictment against him at the coming meeting of the Grand Jury, Donlon has filed a motion to suppress and return this evidence upon the grounds that:

(1) The evidence was illegally seized because T. 18 §§ 2510–2520 (the wiretap law) was unconstitutional;

(2) The evidence was based upon an invalid search warrant obtained from information which was tainted (fruit of the poisoned tree);

(3) The search warrant was invalid because no probable cause was shown.

On September 2, 1971, in another proceeding growing out of a different wiretap, I decided that §§ 2517 and 2518 (1) through (6) of the wiretap act were constitutional.[1] Donlon's first two arguments are, thus, no longer available to

I. United States v. Perillo (D.Del.1971).

him. He maintains his position, nevertheless, that the search was invalid because the warrant was not based upon probable cause.

At the preliminary argument on this motion, I entered an order restraining the United States from presenting the evidence in question to the Grand Jury with the idea of deciding the matter on its merits prior to its forthcoming meeting on October 6th. However, after examining the briefs, I have concluded that this motion is wholly lacking in equity. For the reasons hereafter given, the motion will be denied and the restraining order dismissed without prejudice to Donlon's right to renew it on its merits should an indictment hereafter be returned.

At the outset, it is essential to define precisely the basis for this motion. Donlon labels it a motion to suppress and return property, but closely analyzed, it is not a motion to suppress. In DiBella v. United States,[2] the Supreme Court held that a pre-indictment motion to suppress must be based upon a criminal proceeding in esse and the judgment thereon is interlocutory in character:

> "When at the time of ruling [on the motion] there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment—in each case the order on a suppression motion must be treated as but a step in the criminal case preliminary to the trial thereof."[3]

But when the motion is not based upon a criminal proceeding in esse, it partakes of an independent proceeding to return evidence illegally seized and the inference is that the order is appealable:

> "Only if the motion is solely for the return of property and is in no way

tied to a criminal prosecution in esse against the movant can the proceedings be regarded as independent."[4]

■ After considering a number of cases, it is my conclusion that a pre-indictment motion to return evidence not tied to an existing criminal proceeding is grounded[5] upon equitable considerations. The Court has jurisdiction over such a motion but in its discretion may refuse to hear it on its merits.

> "Although in the sense above indicated it cannot be said that the district court lacked jurisdiction of the petition in the instant case, the propriety of exercising such jurisdiction depends upon considerations of an equitable nature."[6]

See also Stern v. Robinson, 262 F.Supp. 13, 15 (W.D.Tenn.1966); Smith v. Katzenbach, 122 U.S.App.D.C. 113, 351 F.2d 810, 814 (1965); United States v. Foley, 283 F.2d 582, 583 (2d Cir. 1960); Silbert v. United States, 275 F.Supp. 765, 768 (D.C.Md.1967).

■ For the following reasons, I decline to exercise my discretion to entertain and dispose of the merits of this petition at this time:

(1) Petitioner is not under arrest nor has he had a committing hearing. The United States Attorney may eventually decide not to attempt to indict petitioner. Or, if so, the Grand Jury may refuse to indict with the result that the motion is premature.

(2) The alleged unconstitutionality of the search and seizure is not absolutely clear on the face of the proceeding. The government obtained a warrant by the usual means based upon at least a colorable allegation of probable cause

---

2. 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

3. Ibid., at 131, 82 S.Ct. at 660.

4. Ibid., at 131–132, 82 S.Ct. at 660.

5. The cases are not uniform. See, for instance, In Re Fried, 161 F.2d 453 (2d Cir. 1947). But I believe the conclusion here reached represents the majority and better view.

6. Centracchio v. Garrity, 198 F.2d 382 (1st Cir. 1952).

and the search was otherwise validly executed;

(3) Petitioner will suffer no prejudice if compelled to present this motion at a later day, assuming he is eventually indicted. He has been arrested 25 times and convicted 12 times on various gambling charges so that his reputation in the community will not suffer if an indictment is returned. Compare In Re Fried, supra.

(4) The records and other evidence sought to be returned are not necessary in the conduct of an otherwise legal business being operated by petitioner. The questioned evidence is for the most part alleged betting paraphernalia, guns and probably other contraband. Compare Silbert v. United States, 289 F.Supp. 318, 328 (D.C.Md. 1968).

For the reasons stated, the motion for suppression, and or return, will be denied at this time without prejudice, however, to petitioner's right under Fed. R.Cr.P. 41(e) to renew same after an indictment.[7]

It necessarily follows that this Court's order dated September 8, 1971, restraining the United States from presenting the challenged materials to a Grand Jury, must be rescinded.

Submit order.

---

7. Even the basis for the Court's jurisdiction is "anomalous" and "non-statutory." Lord v. Kelley, 223 F.Supp. 684 (D.C. Mass.). It is said that jurisdiction arises out of the inherent power of the Court to discipline United States Attorneys and other officers in the use of evidence seized in violation of constitutional rights. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931). But at the same time, decisions on such pre-indictment motions are time-consuming and frequently lead to delays and postponements of criminal trials, with the result that the cure is as bad as the evil. Moreover, to compel a movant to withhold such a motion until after indictment normally will not impair his constitutional right—rather, it would only defer the time for asserting it.

It is suggested with deference that the law governing the whole field of pre-indictment motions to suppress, whether or not tied to a criminal prosecution in esse, should be reviewed, clarified and limited to extraordinary situations. Silbert v. United States, 275 F.Supp. 765, 768 (D.C.Md.1967). Otherwise, the long-settled practice of filing such motions after indictment under Fed.R.Cr.P. 41(e) will be seriously encroached upon.