**Walter David ROBERTS et al.,
Petitioners,**

v.

**UNITED STATES of America,
Respondent.**

**No. 73–1593–AAH.**

United States District Court,
C. D. California.

Sept. 11, 1973.

William D. Keller, U. S. Atty., Eric A. Nobels, Asst. U. S. Atty., Chief, Crim. Div., Jonathan David Rapore, Asst. U. S. Atty., Los Angeles, Cal., for respondent United States.

MEMORANDUM DECISION—DISMISSING/DENYING MOTION TO RETURN SEIZED PROPERTY AND TO SUPPRESS EVIDENCE

HAUK, District Judge.

The motion of petitioners for return and suppression of seized property in the above-entitled action having come on for hearing before the Honorable A. Andrew Hauk, on the 30th day of July, 1973, petitioners being represented by their counsel, Joseph A. Milchen for Terry Dayle Roberts and George Chula for Walter David Roberts and Karen Roberts, and respondents being represented by their counsel William D. Keller, United States Attorney, Eric A. Nobles, Assistant United States Attorney, Chief, Criminal Division, and by Jonathan David Rapore, Assistant United States Attorney, the Court hereby finds as follows:

FINDINGS OF FACT

I

The petitioners moved pursuant to Title 18, U.S.C., § 41(e) for the return of seized property and to suppress such property on the alleged grounds that it was illegally seized.

II

At the time of this proceeding, no indictment or any other federal criminal

charges against petitioners, or any of them, have been filed.

### III

The respondent offered to return the property to petitioners on three separate occasions; petitioners refused to accept the return of such property. During the proceeding petitioners stated that they wished the property returned and would now accept it. The property was returned to petitioners on August 3, 1973.

### IV

The property was seized pursuant to two search warrants. The information set out in affidavits attached to the warrants clearly establishes probable cause for their issuance.

### V

Any findings of fact contained in the conclusions of law are deemed incorporated herein by reference.

## CONCLUSIONS OF LAW

### I

This Court has jurisdiction over the parties and the subject matter of this motion.

### II

■ Petitioners' motion for return of seized property under Rule 41(e) of the Federal Rules of Criminal Procedure is dismissed. The Government has offered on three separate occasions prior to the hearing of petitioners' motion to return the seized property; petitioners have refused to accept the return of the property. Moreover, at the hearing of this matter, petitioners indicated that they would accept the property. The property has been returned to petitioners on August 3, 1973. Petitioners' motion for return of the property is dismissed because the issue is now moot.

### III

■ Petitioners' motion to suppress is likewise dismissed because the legality of the seizure is not now in issue. Rule 41(e) of the Federal Rules of Criminal Procedure provides for return of seized property. In order to determine whether this Court should grant an order to return property seized, this Court may hold a hearing to determine (a) that the moving party had lawful possession of such property, and (b) that it was illegally seized. Rule 41(e) provides that "The judge shall receive evidence on any issue of fact necessary for the decision of the motion." In the instant case, the Government has offered to return the property seized. Thus, under Rule 41(e) no evidence or hearing is required because no judicial determination is necessary. The 1972 Notes of Advisory Committee on Rule 41(e) clearly support this view. The Committee stated that a judge in the district of seizure does not have to decide the legality of seizure involving contraband, even if seized illegally, since it will not be returned. Thus, where property is returned or cannot be returned, because of its character, the Court need not decide the legality of the seizure. Therefore, at the present time, petitioners' motion for suppression is moot and the motion is dismissed.

### IV

■ In the alternative, petitioners' motion to suppress is denied because it is premature. Petitioners' motion to suppress comes before any criminal proceedings have commenced and without a showing that any criminal action will ever be commenced. If a criminal proceeding does eventually occur, petitioners can properly raise such motion at that time.

Various courts have held that a motion to suppress made prior to commencement of criminal proceedings is premature. Hill v. United States, 346 F.2d 175 (9th Cir. 1965); Donlon v. United States, 331 F.Supp. 979 (D.C. Delaware, 1971); see also, Howfield v. United States, 409 F.2d 694, 696 (9th Cir. 1969). In *Hill*, this Circuit upheld a district court's order denying petitioner's motion to suppress evidence where

records of petitioner had been returned to him after they had been seized. The court held petitioner's motion to suppress was clearly premature. In *Donlon*, the court declined to rule on petitioner's motion to suppress as well as the motion to return property under the old Federal Rules of Criminal Procedure 41(e). The court declined for various reasons: First, petitioner was not under arrest and there was a possibility that petitioner would not be indicted. Second, the seizure was not illegal on its face. Third, petitioner would not suffer any prejudice by bringing a motion to suppress at a later, more appropriate time. Fourth, there was no showing the seized property was necessary to petitioner to conduct his business. Each of the reasons for denial of petitioner's motion given by the *Donlon* court is present in the instant case: Petitioners have not been arrested by federal officers; the seizure is not illegal on its face but pursuant to a properly executed search warrant; petitioners are not foreclosed from raising the motion at a later time; and finally, there is no showing that the property is necessary to the conduct of petitioners' business, if any. For each of these reasons, petitioners' motion is hereby denied.

### V

Finally, petitioners' motion to suppress is denied because the property was seized pursuant to search warrants which were based on probable cause. The affidavits attached to the search warrants clearly establish probable cause for the seizure of the property itemized in each warrant. Hence, petitioners' motion to suppress is denied.

### VI

Any conclusions of law which are contained in the findings of fact are deemed incorporated herein by reference.

After a thorough consideration of petitioners' motion herein, the memoranda submitted by counsel for petitioners and respondents, and the oral argument of the counsel for petitioners at time of hearing, and in accordance with the Findings of Fact and Conclusions of Law entered herein, it is ordered that said Motion be dismissed and in the alternative, be denied.