## NUCKOLS et al. v. UNITED STATES.
## FLORATOS et al. v. SAME.
### Nos. 7081, 7085.

United States Court of Appeals for the District of Columbia.

Argued June 8, 9, 1938.

Decided June 30, 1938.

Harry T. Whelan, William B. O'Connell, and William A. Gallagher, all of

**354**

Washington, D. C., for appellants in both cases.

Achilles Catsonis, of Washington, D. C., for appellants in No. 7085 only.

David A. Pine, U. S. Atty., and William Hitz, Jr., and John H. Mitchell, Asst. U. S. Attys., all of Washington, D. C.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

PER CURIAM.

These are appeals from judgments of conviction upon charges of violating the gambling statute of the District of Columbia (D.C.Code 1924, Sec. 865, D.C. Code 1929, Title 6, Sec. 153).

Since the questions of law and fact are identical, counsel agree to the consolidation of the cases. The indictments charge that appellants set up and kept a gambling table for the purpose of betting and wagering on the results of horse races, contrary to Sec. 865, D.C.Code 1924. This charges an offense against the laws of the United States. Arnstein et al. v. United States, 54 App.D.C. 199, 296 F. 946. The jury found all defendants guilty. Motions for new trials were overruled, and the defendants in Number 7081, namely, Nuckols, Morganstein, Murray, Costello, Adams, and Godfrey, were sentenced to the penitentiary for a period of nine months to three years, and Pisani to six months to eighteen months. Nuckols is now dead, and Pisani has withdrawn his appeal. In Number 7085 Floratos was sentenced to nine months to two years confinement, Marino to nine months to eighteen months, and Newyahr, Clements, and Traub to six months to one year and one day.

The grounds of appeal are technical and, summarized, may be stated to be that search warrants were illegally issued and illegally served.

First. The warrants were sworn to before a United States commissioner. Appellants contend that the warrants should have been sworn to before a judge of the Police Court as provided by Sec. 911, D. C.Code 1924, Title 6, Sec. 357, Code 1929, and not before a United States commissioner under the provisions of the Espionage Act, 18 U.S.C.A. §§ 611–633. Appellants insist that the former act is exclusive and that the latter is not applicable to the District of Columbia. In this connection, therefore, the single question is whether the search warrant provisions of the Espionage Act apply in the District of Columbia in a case of violation of a United States statute applicable only to the District. We think the question must be answered in the affirmative.

The Espionage Act is a general statute of the United States, and by its terms (Sec. 632) is applicable to all territory subject to the jurisdiction of the United States. Every general statute of the United States not inapplicable in the District of Columbia and not inconsistent with some local law applies in the District with the same force and effect as elsewhere. Sec. 1640, D.C.Code 1924, Title 1, Sec. 21, Code 1929. There is nothing in the Espionage Act which makes it inapplicable in the District of Columbia. In language which is general in form and application, it authorizes a search warrant where property is "used as a means of committing a felony," but this fact does not render it locally inapplicable or make it inconsistent with the statute local to the District which authorizes the issuance of a search warrant by a police judge in sundry cases, including the case of property used for gambling purposes. In Page v. Burnstine, 102 U.S. 664, 26 L.Ed. 268, it was held that a general statute of the United States is applicable to the District of Columbia notwithstanding there is a special statute covering the same subject. We think that where local statutes make no provision for the issuance of search warrants, the Espionage Act is as applicable in the District of Columbia as in other places under federal jurisdiction; and where a local statute does, as in this case, make such a provision, the Espionage Act is concurrent and cumulative. By its terms (Sec. 633) the act provides that nothing in it shall be held to repeal or impair existing provisions of law regulating search and seizure. Cf. Hysler v. United States, 5 Cir., 86 F.2d 918, 919.

There is nothing in Kleindienst v. United States, 48 App.D.C. 190, in conflict with our holding in this respect. In that case Congress had provided a different measure of punishment for adultery in the District of Columbia and other places within the jurisdiction of the United States, such as arsenals, forts, etc. We held that, because the local law was in conflict with the general law, the former was exclusively applicable in the District. But, as we have said, there is no such conflict

here. The two statutes exist side by side and form together a cumulative provision on the subject of searches in the District of Columbia.

Second. Appellants say the warrants were invalid because the supporting affidavits related to facts said to have occurred in the one case eleven and in the other nineteen days before the warrants were issued. There is nothing to this point. See Hawker v. Queck, 3 Cir., 1 F.2d 77; United States v. Callahan, D.C., 17 F.2d 937; United States v. Napela, D.C., 28 F.2d 898, 902; United States v. Fitzmaurice, 2 Cir., 45 F.2d 133, 134; Hefferman v. United States, 3 Cir., 50 F.2d 554; United States v. Liebrich, D.C., 55 F.2d 341; Benton v. United States, 4 Cir., 70 F.2d 24, 27.

Third. Appellants also argue that the warrants should be declared invalid because the affidavits did not show that the property to be seized was used as the means of committing a felony. We think there is nothing to this point. The affidavits were to the effect that in the premises to be searched a gaming table devised for the purpose of playing games of chance for money, etc., was set up and in operation. This is a felony under Sec. 865 of the D.C.Code 1924, and is punishable upon conviction by imprisonment for five years.

Fourth. Appellants likewise say the search warrants do not describe the property with sufficient particularity. We think they do. The warrants commanded the marshal to take possession of gaming tables, gambling devices, race horse slips, and gambling paraphernalia used in violation of Sec. 865. The property taken possession of consisted of a variety of articles, including betting slips, some of which had been used in making bets by the officer who on the day of the raid made the affidavits for the warrants. In the search of a gambling establishment the same descriptive particularity is not necessary as in the case of stolen goods. Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757.

Fifth. As a final objection to the validity of the warrants, appellants say that they were not executed by a United States marshal. But all the evidence shows they were. The warrants were directed to the marshal, and a deputy marshal was at all times present during the raid and seizure of the property, and it is of no consequence that he was assisted in the search by police officers.

We think the judgments of conviction should be affirmed.

Affirmed.