**PALMER v. UNITED STATES.**

No. 11556.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 21, 1953.

Decided Feb. 19, 1953.

Mr. T. Emmett McKenzie, Washington, D. C., for appellant.

Mr. William B. Bryant, Asst. U. S. Atty., with whom Messrs. Charles M. Irelan, U. S. Atty., and William R. Glendon, Asst. U. S. Atty., were on the brief, for appellee. Mr. William E. Kirk, Jr., Asst. U. S. Atty., entered an appearance for appellee. Mr. Joseph M. Howard, Asst. U. S. Atty. at the time the record was filed, also entered an appearance for appellee.

Before BAZELON, FAHY and WASH-INGTON, Circuit Judges.

FAHY, Circuit Judge.

Appellant was arrested by a member of the Metropolitan Police Force pursuant to a warrant issued on a charge of receiving stolen property. On search of his person when arrested narcotics were found in his possession and seized. He was indicted for violation of 26 U.S.C. § 2553(a) (1946), and 35 Stat. 614 (1909), as amended 21 U. S.C. § 174 (Supp. V, 1952), 21 U.S.C.A. § 174, applicable to narcotics. A motion to suppress the evidence seized having been denied it was used against him on his trial and he was convicted. On appeal he urges that his arrest, as a consequence of which the evidence was obtained, was unlawful because it grew out of knowledge obtained by a prior unlawful search of his room and seizure there of four pistols. Two of these pistols, it subsequently developed, had been reported as stolen. This led to his arrest for receiving stolen property and the discovery on his person of narcotics, which in turn led to his indictment and conviction for violation of the narcotic laws.

We need not decide whether, if either the original search which disclosed the pistols, or their seizure, was illegal, the arrest for receiving stolen property was the unlawful fruit thereof, Nardone v. United States, 1939, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307, with the result that the narcotics then obtained should have been suppressed; for we think the original search, and seizure of the pistols, were lawful.

■ A warrant, the validity of which is not challenged, had been issued for search of premises which included appellant's room where the pistols were found. It is said that the pistols were seized by an officer other than the agent directed by the warrant to make the search.[1] It is true this officer was not named in the search warrant; but it was shown that he was one of those who entered the premises under the warrant with the agent who was named in it. He could accordingly validly participate in the seizure. See 18 U.S.C. § 3105 (Supp. V, 1952); Nuckols v. United States, 1938, 69 App.D.C. 120, 99 F.2d 353, certiorari denied sub nom. Floratos v. United States, 305 U.S. 626, 59 S.Ct. 89, 83 L. Ed. 401; Seay v. State, Okl.Cr.App.1951, 228 P.2d 665.

■ It is contended that seizure of the pistols was unlawful because the warrant called for seizure not of pistols but of narcotics and paraphernalia for their preparation and use. The Fourth Amendment provides that the warrant must particularly describe the "things to be seized." But it is well established that given a lawful search some things may be seized in connection therewith which are not described in the warrant, and that articles may also be seized in a search incidental to a lawful arrest. The latter include weapons "by which escape of the person arrested might be effected". Harris v. United States, 1947, 331 U.S. 145, 154, 67 S.Ct. 1098, 1103, 91 L.Ed. 1399, rehearing denied, 331 U.S. 867, 67 S.Ct. 1527, 91 L.Ed. 1871. Several persons were validly arrested on these premises after the searching party entered.

1. Appellant's room where the pistols were discovered was locked and unoccupied at the time. Entrance to the room was forced.

Though appellant was not one of these and seizure of the pistols accordingly could not have been incidental to a search connected with his arrest, we think the reasoning behind the principles laid down in Harris v. United States, supra, and cases there cited, applies to a situation where lawful arrests are made and pistols are discovered in a lawful search also then being made of the premises where the arrests occur. The search which disclosed the pistols was valid independent of the arrests, because pursuant to a valid warrant. The pistols thus unearthed could be seized to safeguard the arrests, though of others than appellant, and to protect the officers. See, also, Pub. L. 260, 82d Cong., 2d Sess., February 20, 1952, 66 Stat. 8, amending Sections 22–3201 et seq., D.C.Code (1951).

Appellant's arrest on the charge of receiving stolen property accordingly was not invalid as the fruit of an unlawful search or seizure. The narcotics taken from his person when validly arrested could be used in evidence.

Affirmed.