**M. T. GREGORY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16208.**

United States Court of Appeals
Fifth Circuit.

Nov. 2, 1956.

Rehearing Denied Nov. 30, 1956.

Herbert A. Ringel, H. A. Stephens, Jr., Smith, Field, Doremus & Ringel, Atlanta, Ga. (Woodruff, Swift & Stephens, Atlanta, Ga., of counsel), for appellant.

J. Robert Sparks, Asst. U. S. Atty., James W. Dorsey, U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

PER CURIAM.

Appealing from an order [1] denying his motion for the return of a typewriter seized under a search warrant [2] and to suppress its use as evidence, appellant is here insisting that the warrant commanded and authorized the search not of his premises but of his person, and the search of his premises and seizure of the typewriter was an unreasonable search and seizure in violation of the Fourth Amendment [3] and of Rule 41 of the Rules of Criminal Procedure, 18 U.S.C.A.

We are of quite the contrary opinion. Indeed, we think that, in pressing for this construction of the constitutional provision, appellant reads out of it the rule of reason it enjoins and enshrines, to read into it instead unreason, its opposite.

The district judge was right in denying the motion. His order is Affirmed.

1. "The attached motion to suppress evidence and to obtain possession of seized articles is denied. It is true, as contended, that the warrant does direct the Marshal 'to search forthwith the person named for the property specified.' It appears clear, however, from a reading of the entire affidavit and the warrant, that its purpose is to search the premises therein described and not the person of this defendant. The affidavit alleges that the typewriter in question was contained 'on the premises known as 4600 LaVista Road, Tucker, Georgia.' The warrant recites that affidavit has been made that said article was being concealed 'on the premises known as M. T. Cooper, 4600 LaVista Road, Tucker, Georgia,' and it made recitals to the effect that the officer was satisfied that there was probable cause to believe 'that the property so described is being concealed on the premises above described.'

"As stated by the United States Supreme Court 'it is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended.' Steele v. U. S., 267 U.S. 498, at p. 503 [45 S.Ct. 414, at page 416, 69 L.Ed. 757]. No one could reasonably suppose under all the facts in this record, that there was any intention to charge that the typewriter was concealed on the person of the defendant rather than on the premises described.

"The motion is denied.

"This the 25th day of June, 1956.

/s/ Frank A. Hooper,
United States District Judge."

2. "To U. S. Marshal or any Officer so authorized by law:

"Affidavit having been made before me by J. A. Callahan that he (has reason to believe) that (on the premises known as) M. T. Gregory, 4600 LaVista Rd., Tucker, Georgia in the Northern District of Georgia, there is now being concealed certain property, namely (here described property) a certain typewriter which was used to address letters to Crosley Football Contest, P.O. Box 8610-A, Chicago 77, Illinois, which letters were sent by M. T. McGregory or his wife, which are (here give alleged grounds for search and seizure) to be used as evidence in an official investigation and as I am satisfied that there is probable cause to believe that the property so described is being concealed on the (premises) above described and that the foregoing grounds for application for issuance of the search warrant exist.

"You are hereby commanded to search forthwith the (person) named for the property specified, serving this warrant and making the search (in the daytime) and if the property be found there to seize it, leaving a copy of this warrant and a receipt for the property taken, and prepare a written inventory of the property seized and return this warrant and bring the property before me within ten days of this date, as required by law."

3. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."