**UNITED STATES of America,
Plaintiff,**

v.

**John Elmer ALLEN, Defendant.**

**No. 5296.**

United States District Court
E. D. Kentucky.

Jan. 21, 1957.

Henry J. Cook, U. S. Atty., John M. Kelly, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Thomas D. Shumate, Richmond, Ky., for defendant.

FORD, Chief Judge.

The defendant's only contention is that the search warrant and the search pursuant thereto were rendered unlawful and void by reason of the lapse of 16 days from the time the information was secured until the affidavit was made and the warrant issued.

That defendant's position in this respect is untenable seems clearly pointed out in the annotations set out in 162 A. L.R. pp. 1406–1418. Pertinent authorities dealing with the subject are listed (p. 1416) and they seem to adequately support the conclusion stated on page 1414 that "As disclosed by this list an interval of not more than twenty days has never been held so unreasonable as to vitiate the search warrant, while on the other hand an interval of more than thirty days has always been held an unreasonably long delay. Therefore, the actually doubtful zone in which the decisions of the courts vacillate is, roughly speaking, the fourth week from the observation of the alleged offense. In view of the relatively large number of cases confirming this pattern, it may be assumed that, barring extraordinary circumstances, the courts will continue to hold search warrants valid if the observation of the alleged offense is not farther remote than three weeks from the making of the affidavit or issuance of the warrant". Nuckols v. United States, 69 App.D.C. 120, 99 F.2d 353, certiorari denied 305 U.S. 626, 59 S.Ct. 89, 83 L.Ed. 401; United States v. Fitzmaurice, 2 Cir., 45 F.2d 133; Hefferman v. United States, 3 Cir., 50 F.2d 554.

In respect to the case of Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260, upon which defendant relies, the following terse and obviously accurate comment upon the opinion seems to render it inapplicable to this case: "The opinion of the court was actually based on the conclusion that the officer issuing the second warrant made no finding of probable cause at that time, but merely changed the date of the old warrant." See, 85 A.L.R. p. 114.

Since in the case of Siden v. United States, 8 Cir., 9 F.2d 241, also cited and relied upon by defendant, it appears that the search warrant was not held invalid because of lapse of time but because of defects not shown in this case, it does not afford support for defendant's contention.

Let an order be entered overruling the defendant's motions.