Lonnie Robert **BRYANT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16559.

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1958.

C. W. Bennett, Jr., Houston, Tex., for appellant.

Malcolm R. Wilkey, U. S. Atty., Oscar D. Kennerly, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant was suspected of being in the narcotics racket and was under the surveillance of Federal narcotics agents. The agents were informed that the appellant was about to make a delivery of narcotics and went to the place where they expected it to occur. There they saw appellant with a package in his hand which he cached in a clump of weeds. The agents arrested the appellant. They found the package and discovered that it contained heroin in gelatine capsules and the capsules, in lots of twenty, in rubber balloons. The agents then procured a search warrant and searched the appellant's residence where the officers found milk sugar, a box of empty gelatine capsules, rubber balloons and a paper bag from which a part had been torn matching the paper wrapping of the heroin found at the place of arrest. The appellant was convicted of unlawfully purchasing narcotics, under 26 U.S.C.A. § 4704, and of facilitating the transportation and concealment, after importation, of narcotics, under 21 U.S.C.A. § 174. Prison sentences and fines were imposed. On appeal from his conviction, the appellant discusses a number of matters occurring before and during his trial from which he would have us find reversible error.

■■ The indictment against the appellant was returned on September 24, 1956. A week later, on October 1, 1956, the appellant filed a motion to suppress the evidence obtained in the search of his apartment, claiming an illegal search and seizure. The motion was amended. It was overruled on November 5, 1956. On February 27, 1957, a motion for rehearing was filed. On the same day the appellant moved to suppress the evidence obtained at the time and place of his arrest, claiming the arrest was without probable cause. At the time these two

motions were made the appellant moved for a continuance claiming the need of additional time to file another motion to suppress. On February 28, 1957, the case was tried. The granting or refusal of a motion for a continuance rests within the sound discretion of the trial judge, and his ruling on such a motion will not be disturbed on appeal unless an abuse of discretion is shown. Girard Trust Co. v. Amsterdam, 5 Cir., 1942, 128 F.2d 376. No abuse of discretion is shown here.

■ During the trial the district attorney requested leave to approach the bench and, with counsel for the appellant, had a discussion with the judge which the reporter recited was "held at the bench out of the hearing of the jury." In this discussion the court stated to Government counsel, "I think you have made a prima facie case." It was not suggested to the trial court that any error resulted from the comment. We will not, in these circumstances, indulge in any speculation that the reporter's recital was incorrect and do not consider whether the remark might have been prejudicial if made in the presence and hearing of the jury.

The appellant, in his brief, suggests that he had a defense of entrapment and had been deprived of the opportunity of asserting it. The record does not bear out the contention. Cf. Rodriguez v. United States, 5 Cir., 1955, 227 F.2d 912.

■ The court gave a charge on reasonable doubt. A requested charge on circumstantial evidence was refused. This was proper. Where the jury is properly instructed on the standards for reasonable doubt, an additional instruction that circumstantial evidence must be such as to exclude every reasonable hypothesis other than that of guilt is confusing and incorrect. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150.

■ In a number of different ways the appellant asserts error in the use by the Government of the heroin found at the site of the arrest and of the related evidentiary material found at his place of residence. He asserts an arrest without probable cause as a basis for his objection to the use of the heroin as evidence. He attacks the legality of the search and seizure in his objection to the use as evidence of the objects found at the apartment. As a witness on his own behalf, the appellant denied ever having seen the package containing the heroin or its contents. It was not on his person when it was picked up by the officers. As to it the appellant had no cause to complain of its use as evidence since it was taken neither from his person nor from his dwelling and no search was involved in its seizure. 47 Am.Jur. 513, 516, Searches and Seizures, §§ 17, 20.

■ The admissibility of the articles obtained at the appellant's apartment depends upon the validity of the search warrant. The affidavit on which the search warrant was based described the premises as being occupied by the appellant and stated that heroin was concealed thereon and that the appellant was seen to leave the premises with heroin hydrochloride in his possession. The affidavit disclosed probable cause and was sufficient.

■ The search warrant recited the making of an affidavit that heroin was then concealed on the described premises and there was probable cause to believe that "the property so described is being concealed on the person above described." The warrant was directed to any Federal Narcotic Agent who was commanded to "search forthwith the person named for the property specified." At the time the warrant was applied for and issued, the appellant had been arrested and searched and was in custody. Was the search invalid because in the warrant, through inadvertence and error, there appeared the word "person" rather than the word "premises"? We are of the opinion that it was not. To hold that the search based upon a warrant so drawn was violative of the Fourth Amendment to the Federal Constitution

would, as was recently said, read "out of it the rule of reason it enjoins and enshrines, to read into it instead unreason, its opposite." Gregory v. United States, 5 Cir., 1956, 237 F.2d 727, 728. Cf. In re Ginsburg, 2 Cir., 1945, 147 F. 2d 749.

■■ The appellant seeks to escape the damaging effect of the evidence procured by the search of the apartment by asserting that the warrant authorized the search for and seizure of heroin and nothing else, and that the articles seized should not have been received in evidence against him. The gelatine capsules and balloons were similar to those used as containers for the heroin found at the scene of appellant's arrest. Milk sugar, it was shown, is an ingredient used for diluting narcotics. The articles seized were instrumentalities incident to the commission of the offense for which the appellant was tried and convicted. The guaranty of the Fourth Amendment protects only against unreasonable searches and seizures. The Supreme Court has stated the applicable rule:

"This Court has frequently recognized the distinction between merely evidentiary materials, on the one hand, which may not be seized either under the authority of a search warrant or during the course of a search incident to arrest, and on the other hand, those objects which may validly be seized including the instrumentalities and means by which a crime is committed, the fruits of crime such as stolen property, weapons by which escape of the person arrested might be effected, and property the possession of which is a crime." Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 1103, 91 L.Ed. 1399, rehearing denied 331 U. S. 867, 67 S.Ct. 1527, 91 L.Ed. 1871.

We find no error in the trial court's refusal to suppress the evidence seized in the search of the apartment.

■■ In the appellant's original motions to suppress, filed on October 1 and 2, 1956, it was contended that the recitals of the affidavit did not show probable cause, that the search of the apartment was not an incident of the arrest, and that the articles seized were not described in the warrant. Other grounds which invoked the laws of Texas were asserted. Whether a hearing was had on these motions does not appear from the record, but they presented only questions of law and were properly overruled. The motions of February 25, 1957, were filed three days before the trial. By one of these motions the appellant sought a rehearing of his overruled motion to suppress and in it asserted that the statutory requirements of the State of Texas for issuing search warrants for narcotics had not been followed. It might well have been stricken. By the other motion, filed the same day, the appellant again sought to suppress the evidence obtained at the apartment, asserting first, that the search warrant had been served in the nighttime, and second, that the information procured as a result of his arrest could not be used as probable cause. This motion was not considered by the court until the close of the Government's case and was then brought to the attention of the court by a suggestion of the United States Attorney. As to the first question, it may be noted that the date was August 6th. The appellant testified that he received a phone call about five-thirty in the morning. He got up, dressed, fixed himself a sandwich, got in his car, and drove to the vicinity where he was arrested. After the arrest the narcotic agent went for the search warrant, made the affidavit, procured the warrant and proceeded to serve it. There was no need of a hearing for a determination that it was no longer nighttime when the search warrant here challenged was served. The second question raised by this motion to suppress is without merit as a matter of law. There is no support either in precedent or in reason for a doctrine that reasonable cause may not be found in discoveries made during the

course of or as the result of a valid arrest previously made.

Since we have concluded that the search warrant was properly issued on probable cause, that it was sufficient in form and the articles taken were properly seized and properly admitted in evidence, it follows that the motions to suppress were properly denied.

The judgment of the trial court should be and is

Affirmed.