**UNITED STATES of America**

v.

**David W. GARRIS.**

**Cr. No. 1030–66.**

United States District Court
District of Columbia.

Nov. 2, 1966.

Charles L. Owen, Asst. U. S. Atty., Washington, D. C., for the United States.

John McDaniel, Washington, D. C., for defendant.

### MEMORANDUM

GASCH, District Judge.

This matter came on for hearing on defendant's motion to suppress. In his motion, defendant lists twenty items. Item Two is described as one Sylvania 19-inch T.V., two-tone gray, Serial No. 5124314, Model 19P391–E; Item 12, one blue shirt; Item 14, one pair blue dungarees; Item 15, one pair black gloves; Item 17, one pair dark blue corduroy pants; Item 20, assorted keys. The charges against this defendant are rape,

housebreaking, larceny, unauthorized use of a vehicle, and robbery.

Pursuant to information given the police by the victim in the rape offense charged in Count Five of the indictment and her sister, police arrested the defendant, who is the movant in this case. Thereafter, police obtained a search warrant by reason of which they searched his apartment. The items in controversy were seized as a result of this search. Defense counsel takes the position that the items seized were not within the purview of Rule 41(b) (2) of the Federal Rules of Criminal Procedure, and, therefore, should be suppressed. Counsel emphasizes that this was not a search pursuant to lawful arrest since defendant had previously been arrested.

 As to the items in controversy, when the officers entered the apartment of defendant pursuant to this search warrant, they had with them information as a result of which they were able to identify the T.V. set in question as property unlawfully obtained in another crime. In Harris v. United States, 331 U.S. 145, 154, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), F.B.I. agents, while searching pursuant to a valid arrest under a warrant for cancelled checks in a case involving alleged violation of the interstate transportation of stolen securities act, found in defendant's bureau certain Selective Service cards. The seizure of the stolen T.V. set was proper, and the motion to suppress it will be denied.[1] The clothing items specifically described in Items 12, 14, 15, and 17 of the motion to suppress constitute a more difficult question. The question is: Were these items the means or instrumentalities by which escape was accomplished after the crimes in question were committed? The distinction between that which is purely evidentiary and that which constitutes the means by which crime has been committed or escape effected is not clear cut. See Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927); United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877 (1932); Abel v. United States, 362 U.S. 217, 239, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). Counsel relies upon Morrison v. United States, 104 U.S.App.D.C. 352, 262 F.2d 449 (1958). Morrison was alleged to have committed an indecent act upon a minor. Without either a search warrant or an arrest warrant, police entered the partially finished dwelling of defendant. They were seeking to arrest defendant but he was not in the house and, therefore, no arrest was accomplished. During the course of their search of the premises for defendant, the police found a handkerchief on which was a substance later identified as semen. Since there was no lawful basis for seizing this item and using it in evidence against defendant, the Court of Appeals reversed the conviction. Here, however, based on probable cause set forth in the supporting affidavit, the police did obtain a search warrant as a result of which they made a search of defendant's apartment. A case more nearly in point is Morton v. United States, 79 U.S.App.D.C. 329, 147 F.2d 28 (1945). Morton was charged with murder. Several detectives went to his room, and the Court determined he was under arrest at the time of the seizure in question. In his closet they found certain clothing which bore the evidence of blood. These items the police seized and these items were used in evidence against him. In Morton, the police had neither an arrest warrant nor a search warrant, but the search and seizure was held to be pursuant to a lawful arrest.

In the recent case of Ventresca v. United States, 380 U.S. 102, 105, 85 S.Ct. 741, 744, 13 L.Ed.2d 684 (1965), the Court quotes from Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 as follows:

"An evaluation of the constitutionality of a search warrant should begin with the rule that 'the informed and deliberate determinations of magis-

1. See also Johnson v. United States, 110 U.S.App.D.C. 351, 293 F.2d 539 (1961), cert. denied 375 U.S. 888, 84 S.Ct. 167, 11 L.Ed.2d 118 (1963); and Palmer v. United States, 92 U.S.App.D.C. 103, 203 F.2d 66 (1953).

trates empowered to issue warrants * * * are to be preferred over the hurried action of officers * * * who may happen to make arrests.' Citing Lefkowitz. The reasons for this rule go to the foundations of the Fourth Amendment. 378 U.S., at 110–111, 84 S.Ct., at 1512."

Accordingly, the motion to suppress these items will be denied.

 The keys do not present an equally difficult question. The keys were clearly the instrumentalities by which an escape was effected after the commission of the offense; (See Count Seven which charges unauthorized use of a motor vehicle.) and as such are proper subjects of seizure. Accordingly, the motion to suppress as to the items specifically discussed will be denied. As to the remaining items, it will be granted.

Counsel will present an appropriate order.