**UNITED STATES of America**
v.
**Judith D. KUCH.**
**Crim. No. 1473–67.**

United States District Court
District of Columbia.
Oct. 26, 1968.

Carl Rauh, Asst. U. S. Atty., Washington, D. C., for the Government.

Albert J. Ahern, Jr., Washington, D. C., for the defendant.

## MEMORANDUM OPINION

GASCH, District Judge.

On September 13, 1967, pursuant to a search warrant issued that same day, officers of the Metropolitan Police Department searched the premises at 2323 Nebraska Avenue, N. W., and seized quantities of marihuana and LSD. Also at that time and pursuant to a warrant, the officers arrested J. D. Kuch.[1] Defendant now moves to suppress the evidence then seized on the grounds that (I) there was no probable cause for the issuance of the warrant and (II) there was a fatal delay between the date upon which the informer's information was based and the application for the search warrant.

I.  Probable Cause.

The search warrant in this case was based on the affidavit of Agent John R. Panetta.[2] It related that: (1) In June, 1967, a previously reliable informant told the affiant that LSD and marihuana were being used and sold on the premises described; (2) a three-month surveillance was conducted of the premises revealing many persons entering and leaving; (3) another previously reliable source told the affiant that it had purchased LSD on the premises and had seen marihuana being smoked there in early September, 1967; (4) the affiant observed an agent of the Bureau of Drug Abuse Control enter the premises and upon his exit was handed a quantity of substance appearing to be LSD which the agent stated he had purchased on the premises with special Government funds. The agent identified a photograph of J.

1. Charge, seven counts, 26 U.S.C. § 4742 (a); 26 U.S.C. § 4744(a); 21 U.S.C. § 331(q) (2); 21 U.S.C. § 331(q) (3).

2. See affidavit set out in the Appendix.

D. Kuch as being the seller. Chemical analysis established that the substance was LSD.

Defendant dismisses the information from the two reliable informants as being uncorroborated and argues that under *Aguilar* and *Ventresca* the information of a sale made to an agent of the Bureau of Drug Abuse Control is similarly insufficient since there is no actual proof of sale and no enumeration of the agent's qualifications and experience.[3] This Court has discussed at length the standards of *Aguilar, Ventresca,* and *Jones,* as well as the quality and quantity of information to be evaluated in its opinion in the companion case to this one. That discussion need not be reiterated here.[4]

■■■ Again, however, it is necessary to indicate that affidavits are to be read in their entirety.[5] The duty of this Court is to determine from the totality of the facts contained in the affidavit whether there was sufficient information upon which an independent magistrate could decide that illicit drugs were probably being kept and sold on the premises.[6] Here, as in *Jones,* it is significant that the same or similar information came from two different sources.[7] In *Jones,* the Supreme Court stated that "Corroboration through other sources of information reduced the chances of a reckless or prevaricating tale." [8] In this case, therefore, this Court will not dismiss the information of two reliable informants.

The likelihood of this being a reckless tale is substantially diminished when the affiant further swore that he had seen an agent of the Bureau of Drug Abuse Control make what appeared to be a purchase of LSD on the premises. That the affiant believed him to be reliable is apparent from his title and activities. A more detailed chronicle of the agent's qualifications and experience is not needed, since the issue here is whether the Commissioner acted properly, not whether the affiant did.[9]

■■ Because hearsay is competent information for the Commissioner to consider as long as there is reason for crediting it and because here it is corroborated as it came from three reliable sources, it is apparent that the Commissioner had before him facts from which he could determine that there probably were illicit drugs on the premises described. It cannot be said that there was so little information that the Commissioner acted improperly.[10]

II. Delay.

Defendant argues that there was a fatal delay between September 5, 1967, when drugs were seen on the premises, and September 13, 1967, when application was made for the warrant, on the ground that the drugs first seen could have been sold or consumed.[11] Logically, the possibility of prejudice is a factor accounted for by the Commissioner in determining that probable cause exists. For this, among other reasons, courts in this jurisdiction have held delays of as

3. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 11 L.Ed.2d 887 (1964).

4. United States v. Kuch, Memorandum Opinion on Motion to Suppress, 1968, 301 F.Supp. 965, at 972.

5. United States v. Ventresca, 380 U.S. 102, 107, 85 S.Ct. 741 (1965).

6. Rugendorf v. United States, 376 U.S. 528, 533, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); Jones v. United States, 362 U. S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Spinelli v. United States, 382 F. 2d 871, 880 (8th Cir. 1967) (en banc),

cert. granted 390 U.S. 942, 88 S.Ct. 1025, 19 L.Ed.2d 1130 (1968).

7. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725 (1960).

8. *Id.,* at 271, 80 S.Ct. at 736.

9. *Id.*

10. *Id.*

11. Defendant's reliance on Mitchell v. United States, 103 U.S.App.D.C. 341, 258 F.2d 435 (1958), is misplaced since *Mitchell* concerned the time lapse between the issuance and execution of the warrant.

many as nineteen days to be permissible.[12]

■ It is particularly important to understand that the law requires the police to check carefully their sources of information for accuracy as well as quantity.[13] That was the case here. Since there was no showing that the police were dilatory and no demonstration of prejudice, none will be presumed. It would be, to say the least, incongruous to hold that police must verify the reliability of their information but that they may not take the time to do so.[14] The Court finds the delay permissible.

Accordingly, the motion to suppress is denied.

### APPENDIX

September 13, 1967

AN AFFIDAVIT RELATIVE TO A REQUEST FOR A UNITED STATES COMMISSIONER'S SEARCH WARRANT FOR PREMISES 2323 NEBRASKA AVE., N. W., WASHINGTON, D. C. AND AN ARREST WARRANT FOR THE OCCUPANT, JUDITH D. KUCH.

In the early part of June 1967, an investigation was initiated into the activity of Judith D. Kuch after the undersigned Agent of the Bureau of Drug Abuse Control, had received information from a previously reliable source, that marihuana and LSD was being used and sold on the premises of 2323 Nebraska Ave. N. W.

Surveillance was conducted on these premises by the undersigned and it was noted that many automobiles and motorcycles would come to these premises and the drivers and riders would enter these premises and remain a short while and then leave. This period of surveillance was maintained for approximately three months.

The undersigned Agent also received information from another previously reli-able source, that it had been in the premises 2323 Nebraska Ave. N. W., as recently as the week of September 3, 1967 and that it had purchased LSD. The source further stated that it had observed other persons on the premises smoking marihuana.

On September 5, 1967 the undersigned took Agent Sternberg of the Bureau of Drug Abuse Control to the area of 2323 Nebraska Ave. N. W. after having given him government advanced funds and observed him to enter the premises 2323 Nebraska Ave. N. W.. Agent Sternberg was out of sight of the undersigned for about three minutes and upon his return to the undersigned, he handed him a quantity of LSD which he had stated that he purchased from Judith Kuch and had given her the government advanced funds for the LSD. Agent Sternberg stated further that he had observed a quantity of LSD on the premises after he had made his purchase.

Agent Sternberg identified a photo of Judith Kuch taken by the Arlington County Police as the same Judith Kuch that he had made his purchase of LSD from at premises 2323 Nebraska Ave. N. W.

A preliminary test of the LSD purchased by Agent Sternberg was made by the FDA Chemist and his report indicated that it was LSD.

Because of the information received from the two confidential sources and the observations made on the premises by the undersigned along with the events of September 5, 1967 causes the undersigned Agent of the Bureau of Drug Abuse Control to believe that Judith Kuch has a quantity of LSD being kept in premises 2323 Nebraska Ave. N. W., for sale.

John R. Panetta, Agent
Bureau of Drug Abuse Control

---

12. Irby v. United States, 114 U.S.App. D.C. 246, 249, 314 F.2d 251, 254, cert. denied 374 U.S. 842, 83 S.Ct. 1900, 10 L. Ed.2d 1064 (1963) (8 days); Nuckols v. United States, 69 App.D.C. 120, 122, 99 F.2d 353, 355 (1938) (19 days); United States v. Long, 169 F.Supp. 730, 734 (D. D.C.1959) (11 days).

13. United States v. Long, *supra*, n. 12.

14. *Id.*