COMMONWEALTH *vs.* ZBIGNIEW B. WOJCIK.

Suffolk.   October 6, 1970. — February 2, 1971.

Present: SPALDING, CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Search and Seizure.*

Discussion of situations in which seizure of articles not described in a valid search warrant but discovered in the execution of the warrant is legal.  [626–628]

A seizure by police of articles not described in a valid search warrant but discovered while the police were executing the warrant on premises of the defendant in a criminal case was illegal where the seizure was without the consent of the defendant or anyone in control of the premises and was not incident to an arrest of the defendant, and the articles were not instrumentalities or means of committing a crime or articles which it was unlawful for one to have in his possession or articles which the police knew or had probable cause to believe had been stolen.  [630–632]

FOUR INDICTMENTS found and returned in the Superior Court on December 5, 1969.

An interlocutory report was made by *Roy,* J.

*Walter T. Healy* for the defendant.

*Richard A. Hannaway* for the Commonwealth.

QUIRICO, J.   The defendant is charged in four indictments with the crimes of receiving the following allegedly stolen property: two Viewlex strip and film projectors belonging to the city of Boston; 150 napkins belonging to Trans World Airlines, Inc.; three fur throws belonging to Northeast Airlines, Inc.; and two credit cards belonging to Fred DellaRusso.

The case is before us on an interlocutory report by a judge of the Superior Court under G. L. c. 278, § 30A, inserted by St. 1954, c. 528, for the determination of the correctness of his order denying the defendant's motion to suppress the above described articles as evidence against him on the ground that they were seized from him by the police in violation of his constitutional rights.

The report of the trial judge states that "[u]pon the hearing of the [m]otion to [s]uppress, I considered the facts set forth in the first five paragraphs in the affidavit to be true." It includes no statement of any findings of facts by the judge. We therefore summarize the facts alleged by the defendant and which the trial judge "considered . . . to be true." On October 14, 1969, police officers applied for and obtained a warrant authorizing the search of the defendant's dwelling and another warrant authorizing the search of his garage and apartment at the rear of the dwelling. Each warrant described the following articles as the objects of the searches authorized: "1 Standard Combination Slide and Film Strip Projector, Model #750CFS Serial #A234796; 1 Sioux Air Wrench, Cat. #315, Serial #B9340; [and] 1 Anniversary Clock, Gold Color, rectangular shaped, enclosed in glass." When the police executed the warrants they found none of the articles described therein. However, in the course of the searches they found and seized the articles described in the four indictments now pending against the defendant. These articles were seized "neither pursuant to a search warrant authorizing their seizure nor incident to a lawful arrest, nor with the consent of the defendant or anyone in control of the premises." Although the defendant was present at the time and place of the searches and seizures, he was not then arrested. He was arrested several days later and charged with the crimes later included in the present indictments. On October 16, 1969, the police executed a return of "Nothing Found" on each of the two search warrants.[1]

The only issue presented to us by the report is whether the trial judge's denial of the motion to suppress the seized articles was correct. The parties have devoted almost their entire argument to the issue of the validity of the two search

---

[1] This return is correct notwithstanding the fact that the search warrants described a "Standard Combination Slide and Flim Strip Projector," and the officers found and seized two "Viewlex strip and film projectors." One of the facts alleged and which the judge "considered . . . to be true" was that "[n]one of the items or articles sought for pursuant to the search warrants were found on the premises or on the person of the defendant."

warrants. On this issue the Commonwealth contends that the police were lawfully on the premises pursuant to valid warrants and that therefore their seizure of the disputed articles was lawful; whereas the defendant contends that the warrants were invalid because of deficiencies in the application and accompanying affidavits and that therefore the officers were not lawfully on the premises and their seizure was invalid. The defendant contends in the alternative that if the search warrants were valid and the officers were lawfully on the premises, they had no right to seize the articles. For reasons hereinafter stated, we do not believe it necessary to pass upon the validity of the search warrants. For the purpose of this decision we assume that the warrants were valid, but without so deciding.

The Fourth Amendment to the Constitution of the United States first declares that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." It then declares that *"no warrants shall issue, but upon* probable cause, supported by oath or affirmation, and *particularly describing the* place to be searched, and the persons or *things to be seized"* (emphasis supplied). These provisions have been cited as the basis for the following language first found in *Marron* v. *United States,* 275 U. S. 192, 196, and repeated in many subsequent decisions: "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Stanford* v. *Texas,* 379 U. S. 476, 485–486. *Berger* v. *New York,* 388 U. S. 41, 58. *Seymour* v. *United States,* 369 F. 2d 825, 826–827 (10th Cir.), cert. den. 386 U. S. 987. *Aron* v. *United States,* 382 F. 2d 965, 974 (8th Cir.). *Gurleski* v. *United States,* 405 F. 2d 253, 257 (5th Cir.), cert. den. 395 U. S. 977 and 981.

A literal application of the rule quoted above from the *Marron* decision requires a conclusion that the two warrants

authorizing the search of the defendant's premises did not authorize the seizure of the articles not described therein and which are the subjects of the present indictments against the defendant. On the other hand the mere fact that the premises were searched by authority of the warrants does not compel the conclusion that there could be no lawful seizure of articles not described in the warrants. In *Palmer* v. *United States*, 203 F. 2d 66, 67 (Ct. App. D. C.), and again in *Johnson* v. *United States*, 293 F. 2d 539, 540 (Ct. App. D. C.), the court said that "it is well established that given a lawful search some things may be seized in connection therewith which are not described in the warrant." We shall now consider the types of situations in which the seizure of an article not described in the search warrant but discovered in the execution of the warrant has been held lawful.

1. It has been held that if a defendant is arrested at the time and place of execution of the search warrant, some articles may be seized lawfully as an incident of the arrest, although not described in the search warrant. The *Marron* case illustrates this point. There the warrant authorized a search for "intoxicating liquors and articles for their manufacture" (p. 193). The officers executing the warrant seized intoxicating liquors and arrested the person present in charge of the business. They also seized "a ledger showing inventories of liquors, receipts, expenses . . . [and] a number of bills . . . for gas, electric light, water and telephone service furnished on the premises" (p. 194). The court decided that although "the seizure of the ledger and bills . . . was not authorized by the warrant . . . [they] were lawfully seized as an incident of the arrest" (198–199). See *Harris* v. *United States*, 331 U. S. 145, as limited by *Chimel* v. *California*, 395 U. S. 752.

2. It has been held that if the execution of a search warrant discloses articles which are instrumentalities or means by which a crime is committed they may be seized although not described in the warrant. In *Palmer* v. *United States*, 203 F. 2d 66, 67 (Ct. App. D. C.), the court upheld the seizure of pistols discovered in the execution of a search

warrant describing "narcotics and paraphernalia for their preparation and use." In *Bryant* v. *United States,* 252 F. 2d 746, 749 (5th Cir.), the court upheld the seizure of milk sugar, gelatin capsules and balloons discovered in the execution of a search warrant for heroin. The court characterized the articles seized as "instrumentalities incident to the commission of the [narcotics] offense for which the appellant was tried and convicted." In *Porter* v. *United States,* 335 F. 2d 602, 604, 606–607 (9th Cir.), cert. den. 379 U. S. 983, the court upheld the seizure of a 12 gauge sawed-off shotgun and a .38 caliber Colt revolver discovered in the search of an automobile under a search warrant describing "a gun, .25 or .32 caliber, a cap, baseball or golf type, and a sport coat, gray in color" as the instrumentalities of a crime of bank robbery. Although it was held for many years that "merely evidentiary materials" as distinguished from "instrumentalities and means by which a crime is committed" could not be seized either under the authority of a search warrant or during the course of a search incident to arrest (*Gouled* v. *United States,* 255 U. S. 298) that distinction and the resulting limitation on the right to seize "merely evidentiary materials" were examined at length and rejected in *Warden, Maryland Penitentiary* v. *Hayden,* 387 U. S. 294. In the later case of *United States* v. *Alloway,* 397 F. 2d 105, 111–112 (6th Cir.), the court upheld the seizure of two suits of clothes discovered in the execution of a search warrant which listed only a sum of money described as the proceeds of a bank robbery and any weapon used in the robbery. The court discussed the question whether one of the suits "was a part of the felon's planned paraphernalia and, therefore, was an instrumentality of the criminal enterprise," but it concluded that in view of the decision in *Warden, Maryland Penitentiary* v. *Hayden, supra,* it is immaterial whether the suit was an instrumentality of the crime or merely evidentiary material. In *Gurleski* v. *United States,* 405 F. 2d 253, 260 (5th Cir.), the court said that "since *Warden* v. *Hayden, supra,* it is unnecessary for us to state unequivocally that the seized objects were in

fact fruits and instrumentalities" of a crime, rather than merely evidentiary materials.

3. It has been held that if the execution of a search warrant discloses articles of contraband — articles which it is unlawful for one to have in his possession — they may be seized although not described in the warrant. In *United States* v. *Old Dominion Warehouse, Inc.* 10 F. 2d 736 (2d Cir.), the warrant authorized a search for and seizure of ten or twelve barrels of intoxicating liquor in a warehouse not licensed for the storage of any liquor. The search disclosed a much larger quantity of liquor and the officers seized all of it. In upholding the seizure the court said (at page 738): "We cannot suppose that, if an officer entered lawfully upon a warrant limited to certain described articles of this kind, he would not be justified in taking without warrant any others which he might chance upon in the premises. His seizure would not depend upon the warrant, but upon the fact that they were in their nature caput lupi . . . . Thus we think that . . . the Fourth Amendment does not touch the case, because the added seizure was not 'unreasonable'; the liquors being inevitably unlawfully possessed." The fact that a sawed-off shotgun was contraband was a factor considered by the court in upholding its seizure, although not described in the search warrant, in *Porter* v. *United States*, 335 F. 2d 602 (9th Cir.), and also in *United States* v. *Berry*, 423 F. 2d 142, 144 (10th Cir.). It is unnecessary to cite or discuss the many other cases involving narcotics, counterfeit money and various other kinds of contraband articles where the same rule was applied.

4. It has been held that if the execution of a search warrant discloses articles which have been stolen, such articles may be seized under certain circumstances, although they are not described in the warrant. The one fact or circumstance which appears in almost every case in which such a seizure has been upheld is that the officer making the seizure then knew or had probable cause to believe that the articles were stolen. A review of a few of these cases will be sufficient to illustrate this point.

In *Johnson* v. *United States*, 293 F. 2d 539, 540 (Ct. App. D. C.), cert. den. 375 U. S. 888, officers conducting a search under a warrant describing a vacuum cleaner, clock radio, cabinet radio and articles of clothing allegedly stolen from a named victim discovered a department store credit card and statement issued to the same named victim. They seized the credit card and statement although they were not described in the warrant, and the seizure was upheld. In *Seymour* v. *United States*, 369 F. 2d 825 (10th Cir.), cert. den. 386 U. S. 987, officers executing a search warrant for "marihuana and other narcotics" discovered and seized 105 postal money orders, ten money order limitation stamps and a dating stamp for the post office at Prichard, Colorado. In upholding the seizure of the postal material the court said at page 827: "While mere possession of the seized articles was not in and of itself criminal, under these circumstances possession was certainly sufficient to generate probable cause for believing that the articles were contraband, hence subject to seizure. It is significant, we think, that the searching officers knew that the Prichard post office had been robbed. The seized articles were readily identifiable with the post office as government property. They were presumptive fruits of the crime and their presence in the basement of appellant's home was cogent evidence of his identification with the offense." In *Aron* v. *United States*, 382 F. 2d 965, 973 (8th Cir.), postal inspectors executing a search warrant for "a number of United States savings stamps which were stolen" discovered and seized a large quantity of stolen postage stamps. The postage stamps had markings on them which were peculiar to stamps which had been stolen from a branch post office shortly prior to their seizure. The court held that while the search warrant did not justify the seizure of the postage stamps, nevertheless "[u]nder the facts and circumstances of this case . . . [the inspectors] had probable cause to believe that Aron was violating . . . [18 U. S. C. (1964) § 641] by possessing the stolen postage stamps," and the seizure was upheld. In *People* v. *Christeson*, 122 Ill. App. 2d 192, officers executing

a search warrant for a television set discovered numerous power tools. They knew that power tools had been stolen from a business establishment in another community on the previous day. They communicated with the sheriff in that other community, learned that the articles stolen were similar to those which they discovered, and they seized the power tools. The seizure was upheld.[2]

Applying the principles of law discussed above to the limited facts contained in the report of the trial judge we hold that the action of the police officers in seizing the articles which were not described in their search warrants and which are the subjects of the present indictments was unlawful. The report accepts as true the defendant's statement that the articles "were seized neither pursuant to a search warrant authorizing their seizure nor incident to a lawful arrest, nor with the consent of the defendant or anyone in control of the premises." Although the defendant was present at the time and place of the searches and seizures, he was not arrested until several days later. The articles were not per se contraband. It was not unlawful to possess the two Viewlex strip and film projectors, 150 napkins, three fur throws, or two credit cards mentioned in the pending indictments. If the fact of possession were

---

[2] In its brief and in oral argument the Commonwealth relied heavily on the decision in *United States* v. *Eisner*, 297 F. 2d 595 (6th Cir.), cert. den. 369 U. S. 859, contending that it involved "almost this exact fact situation" as the present case. We do not agree. There officers executing a warrant for the search of the defendant's car for furs received by him in Kentucky and "which were a part of the loot from the Davidson Indiana Fur Co." of Indianapolis found and seized furs stolen from Wermuth Fur Company of Sioux Falls, South Dakota. The defendant was operating the car when the officers made the search and seizure, and they arrested him and charged him with the crime of receipt and concealment of the furs of Wermuth, which were transported in interstate commerce, knowing them to have been stolen. The seizure was upheld. There is nothing in the decision to indicate whether the officers knew or had probable cause to believe that the furs which they seized had been stolen; but it appears that the court acted on the assumption that they did. The court seems to have placed its decision on the rule that "where an officer is proceeding lawfully, making a valid search, and comes upon another crime being committed in his presence, he is entitled to seize the fruits thereof" (p. 597). We do not construe the decision in the *Eisner* case as authorizing such a seizure without knowledge or probable cause to believe that the furs had been stolen. In any event, assuming the existence of such knowledge or probable cause, the seizure was probably justified as one made incident to a lawful arrest. See *Harris* v. *United States*, 331 U. S. 145 and *Chimel* v. *California*, 395 U. S. 752.

combined with the additional facts that the articles had been stolen and that the defendant knew that they had been stolen, the combination of facts would render the defendant's possession of the articles illegal; but the only one of these three facts in the record is that the defendant had possession of the articles.

The record before us is devoid of any facts relating to whether the police officers executing the search warrants knew or had probable cause to believe that the articles which they seized had been stolen. The articles were not marked as exhibits at the hearing on the motion to suppress, they are not before us, and there is no description of them in the record beyond the language of the indictments. In oral argument counsel for the Commonwealth attempted to fill this void in the record by stating that it was obvious to anyone who looked at the articles that the 150 napkins belonged to Trans World Airlines, Inc. and that the three fur throws belonged to Northeast Airlines, Inc. because their names were on all of these articles. Statements in a brief or oral argument cannot be used as a means of placing before this court any facts which are not included in the record on appeal. *Gorey* v. *Guarente,* 303 Mass. 569, 570–571. *Coonce* v. *Coonce,* 356 Mass. 690, 693.

We have assumed for the purpose of this decision that the two search warrants were valid, and that therefore the officers were lawfully on the premises of the defendant when they seized the articles in question. However, the fact that they were lawfully on the premises pursuant to the warrants, without more, gave them no right to seize articles not described therein, which were neither weapons nor contraband, and which they neither knew nor had probable cause to believe had been stolen. The officers had no right to seize and remove the articles on the hope or possibility that upon further investigation they might discover that the articles had been stolen. Such action would be a violation of the rights of the defendant protected by the Fourth Amendment to the Constitution of the United States and by art. 14 of the Declaration of Rights of our Commonwealth.

On the very limited facts stated in the trial judge's report the police officers were without right to seize and remove from the defendant's premises the articles described in the four indictments numbered 46,104 through 46,107. Therefore our answer to the single question reported by the trial judge is that on this limited record his denial of the motion to suppress was not correct. Nothing herein is intended to preclude further proceedings on the motion in the Superior Court, in its discretion, on any facts other than those placed before us by the report.

*So ordered.*