COMMONWEALTH *vs.* EDWARD POSTOIAN. March 29, 1972. The defendant was convicted on seven indictments: two charging armed robbery, two charging putting persons in fear for the purpose of stealing from a building, one charging two counts of assault with a dangerous weapon, one charging larceny of a motor vehicle, and one charging conspiracy to commit larceny. He was sentenced on all but the last described indictment. He seasonably claimed an appeal but failed to perfect it by filing assignments of error. A single justice of this court, acting on the defendant's petition for a writ of error, authorized him to file his assignments late. The sole error assigned is the trial judge's denial of his motion to suppress and return to him a green shirt and the admission of the shirt in evidence. The shirt was seized by a police officer from the defendant's motel room in the execution of a valid search warrant authorizing a search for "United States

Currency (approximately $8700.00); small grey metal box approximately 18" x 9" x 8", 1 green bandanna, two construction type metal helmets, a 45 caliber automatic pistol, pair of dark glasses." The officer stated in his return of service that he seized "one dk. green shirt (torn)." The sole argument by the defendant is that "[a] bandanna simply is not a shirt" and therefore the shirt was not lawfully seized in the execution of the search warrant. This argument is without merit. Basically the warrant authorized the search for and seizure of any green cloth capable of being worn as or used in the manner or fashion of a bandanna, whether it actually was a bandanna or whether it was a handkerchief, scarf, torn shirt or cloth from any other source. If the words "green bandanna" in the warrant did not include green cloth from a torn shirt, the torn shirt was nonetheless lawfully seized. When the police officer entered the motel room to execute the search warrant he possessed information given him by several eyewitnesses to the crimes to the effect that one of the perpetrators wore a green cloth mask over the lower portion of his face. That cloth had been more fully described to the police officer as being "dark green . . . heavier than the average linen texture, such as a handkerchief or anything like that, and dull in color; not a shiny article, at all." While lawfully searching the room for a green bandanna, the police officer discovered a torn green shirt made of cloth which, as to color, weight, texture and finish, matched the description which he had of the green cloth worn over the face by one of the robbers. The officer could reasonably have concluded that this torn shirt was the source of the cloth worn by the robber as a mask. He therefore had the right to seize it despite the fact that it was not specifically included in the articles described in the warrant. *Commonwealth* v. *Wojcik,* 358 Mass. 623, 626–628, and cases cited. *Ker* v. *California,* 374 U. S. 23, 42–43. See *Coolidge* v. *New Hampshire,* 403 U. S. 443, 465–470.

*Judgments affirmed.*

*Reuben Goodman & Robert V. Greco,* for the defendant, submitted a brief.

*John M. O'Connor,* Assistant District Attorney, for the Commonwealth.