COMMONWEALTH *vs.* ALPHONSO J. FIELDS.

Suffolk.   October 16, 1974. — December 2, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Search and Seizure.*

It was lawful for a police officer, on premises pursuant to a valid warrant to search for heroin, to seize gas bills in plain view as evidence that a defendant charged with possession of heroin found on the premises had control over the premises. [681-682]

INDICTMENT found and returned in the Superior Court on December 7, 1971.

The case was heard by *Paquet*, J.

*David M. Skeels* for the defendant.

*Kevin F. O'Donnell*, Special Assistant District Attorney, for the Commonwealth.

HALE, C.J.    After a jury waived trial before a judge of the Superior Court the defendant was found guilty of unlawfully carrying a firearm in a motor vehicle[1] and possession of heroin with intent to sell and was sentenced. He was also convicted on a third indictment charging possession of heroin.   That indictment was placed on file.

The following evidence appears in the bill of exceptions.   Certain officers attached to the Drug Control Unit of the Criminal Investigation Division of the Boston police department obtained a warrant, the validity of which is not at issue, which authorized them to search the second floor apartment of a building at 158 Highland Street in Roxbury for "certain narcotic drugs, to wit Heroin, and all articles used for the use, sale and preparation of narcotic drugs" and to seize any such articles found therein.   Two of the officers conducted a day long surveillance of the building.   One officer was able to observe the front of the building and Highland Street; the other was able to observe the basement of the building. During the surveillance, which lasted from 10:00 A.M. to 6:30 P.M., the officers saw a number of persons entering and leaving the premises.   They also observed certain conduct in the basement and on the street from which it reasonably could be inferred that trafficking in illicit drugs was taking place in the building.

At about 12:30 P.M. the defendant left the building; a half hour later he returned.   At about 2:00 P.M. he went to the basement, took a brown paper bag from a window ledge, and removed from it what appeared to be glassine bags, which he put in his pocket.   He then went upstairs. Other persons entered the basement and removed similar objects from the same paper bag.   At about 5:00 P.M. the defendant again went to the basement, removed what appeared to be a gun from the paper bag, and returned upstairs.   About fifteen minutes later he left the building

---

[1] The defendant does not ask us to review his conviction on this charge.

and drove away in an automobile. The detective who observed this departure radioed a fellow officer who arrested the defendant. A gun, which the defendant admitted to be his, was found in his possession. No drugs were found on his person.

At about 6:00 P.M. the officers executed the warrant and searched the second floor and basement of the building. Eighty-eight bags containing heroin were found in the basement.[2] Some glassine bags were found on a shelf in the kitchen on the second floor. Gas bills[3] were taken from the top of a refrigerator in the kitchen. The bills were admitted in evidence at trial for the purpose of showing the defendant's control over the premises. The sole question presented to us is based on the defendant's exception to their admission in evidence.

The defendant argues that the seizure of the gas bills, which were not mentioned in the search warrant, was unauthorized by statute and would have been unconstitutional even if authorized by statute. We hold that the seizure of the bills was lawful as evidence relevant to establish the defendant's connection with and control over the heroin.

The United States Supreme Court has held that the Fourth Amendment does not require a distinction between the seizure of "items of evidential value only" (mere evidence) and the seizure of contraband or of the instrumentalities or fruits of a crime. *Warden, Maryland Penitentiary* v. *Hayden,* 387 U. S. 294, 300-301 (1967). The Supreme Judicial Court has stated, in a similar case interpreting G. L. c. 276, § 1, that "[t]he defendant argues that the search warrants could not be used to secure mere evidence . . . for use in a criminal

---

[2] No objection was made or exception taken to the admission of the eighty-eight glassine bags in evidence, nor has the validity of their seizure been questioned.

[3] The case was argued on the footing that the bills were addressed to the defendant at the Highland Street address.

proceeding. This contention has no merit." *Commonwealth* v. *Murray,* 359 Mass. 541, 547 (1971). See *Commonwealth* v. *Wojcik,* 358 Mass. 623, 626 (1971).

Evidence not described in a valid search warrant but having a nexus with the crime under investigation may be seized at the same time as the material described in the warrant. The test, in the case of "mere evidence," is whether the item "will aid in a particular apprehension or conviction." *Warden, Maryland Penitentiary* v. *Hayden,* 387 U. S. 294, 307 (1967). *United States* v. *Kane,* 450 F. 2d 77, 85 (5th Cir. 1971), cert. den. 405 U. S. 934 (1972). The requisite nexus existed in this case, as the gas bills were relevant for the purpose of showing the defendant's control over the premises.[4]

There is no reason to assume that the police were engaged in a warrantless search for personal papers. On this record it cannot be said that the officer who found the gas bills was not continuing the search for narcotics. Compare *Warden, Maryland Penitentiary* v. *Hayden, supra,* at 299. The bills were found in plain view near the shelf on which glassine bags were discovered. "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Harris* v. *United States,* 390 U. S. 234, 236 (1968). *Ker* v. *California,* 374 U. S. 23, 42-43 (1963).[5]

---

[4] It has not been argued that the bills were inadmissible for any other reason.

[5] Compare the statement in *United States* v. *Smith,* 462 F. 2d 456, 461 (8th Cir. 1972), "The record here satisfies the criteria necessary for application of this 'plain view' doctrine. The law enforcement officers, while in the process of legally searching for narcotics, uncovered the narcotics, and in the course of their search, discovered certain papers [business correspondence, checks, bank deposit slips] which served to show that Smith occupied the premises." See *United States* v. *Teller,* 412 F. 2d 374, 379 (7th Cir. 1969), cert. den. 402 U. S. 949 (1970), and *United States* v. *Thweatt,* 433 F. 2d 1226, 1230 (D. C. Cir. 1970).

*Coolidge* v. *New Hampshire,* 403 U. S. 443, 465-466 (1971). *Commonwealth* v. *Anderson,* 366 Mass. 394, 401 (1974). The Supreme Judicial Court, in a case involving a warrantless search by consent, stated that " [w]hen the police arrived at the house the incriminating letter was on the kitchen table for all to see and, constituting an important piece of evidence as it did, the police not inappropriately seized it." *Commonwealth* v. *Deeran,* 364 Mass. 193, 196 (1973).

*Exceptions overruled.*